UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON PRICE,

    Plaintiff,                                    Case No. 13-cv-11217

vs.                                        HON. MARK A. GOLDSMITH

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**<u>ORDER
(1) ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. 21) DATED DECEMBER 12, 2013, (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. 16), (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. 19), AND (4) REMANDING THE CASE</u>**

       This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge David R. Grand, issued on December 12, 2013. (Dkt. 21.) In the R&R, the Magistrate Judge recommends that Plaintiff's motion for summary judgment (Dkt. 16) be granted in part to the extent it seeks remand and denied in part to the extent it seeks an award of benefits, that Defendant's motion for summary judgment (Dkt. 19) be denied, and that the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Administrative Law Judge for further proceedings consistent with the R&R. See R&R at 20-21.

       The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a <u>de novo</u> or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-4 (6th Cir. 1987) (failure

to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 1078 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). There is some authority that a district court is required to review the R&R for clear error, see Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and adopts the recommendation.

Accordingly, the Court grants in part and denies in part Plaintiff's motion for summary judgment (Dkt. 16), denies Defendant's motion for summary judgment (Dkt. 19), and remands the matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

SO ORDERED.

Dated: February 7, 2014  s/Mark A. Goldsmith
Flint, Michigan  MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 7, 2014.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager

2